## WACKEROW v. ENGEL.

(Supreme Court, Appellate Term. December 21, 1905.)

LANDLORD AND TENANT—ASSIGNMENT OF LEASE—VALIDITY.

Where one took a lease of a house, to carry on the business of renting furnished rooms, and deposited a certain sum as security, which it was agreed should be applied on the payment of the last month's rent, and before the expiration of the term she executed a bill of sale of her business, together with the "lease with security thereon," she could not, in the absence of any showing of fraud or imposition, avoid the effect of the bill of sale as a transfer of her right to the security by asserting that she could not read English and did not know that she was making such transfer.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, §§ 416, 417.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Erna Wackerow against Edward Engel. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Gustavus A. Rogers, for appellant.

Max Schleimer, for respondent.

SCOTT, P. J. The plaintiff, on October 3, 1902, leased from defendant a house for the term of two years, with the privilege of renewal for three additional years. At the time of the execution of the lease

plaintiff deposited with defendant the sum of $150 "as security for the faithful performance of the covenants and all the conditions of the within lease, and if so performed and in that case the aforementioned one hundred and fifty ($150) dollars to be used for the payment of rent for the month of October, 1905." It was further provided that the lease could not be transferred without the written consent of the landlord or his agent. The plaintiff occupied the house for carrying on the business of renting furnished rooms. On March 1, 1905, the plaintiff, having paid the rent due up to that time, sold his business to one Frieda Mack, and executed to her a bill of sale of said business, "together with the good will and lease with security thereon and also all the goods and chattels" described in an annexed schedule. There is no evidence to show that the landlord ever assented in writing to the sale of the lease, although his agent appears to have been present when the bill of sale was made.

The bill of sale was perfectly clear and unambiguous, and clearly transferred to the purchaser whatever interest plaintiff had in the money deposited as security. The plaintiff sought to avoid the effect of the bill of sale by asserting that she could not read English, and did not know that she was transferring her interest in the security, and did not intend to so transfer it. If she could not read the paper, it was her business to ascertain what was in it before she signed it. There was no attempt made to show that any fraud or imposition had been practiced upon plaintiff, or that there had been a mutual mistake in the terms of the bill of sale. That the bill of sale was put in evidence by defendant is of no consequence. Really it was part of the plaintiff's case. Under the terms of the lease the deposit was never to be returned to plaintiff. If she fulfilled all the conditions of the lease, it was to be applied to the payment of the last month's rent. The only way in which she could be entitled to its return was by ceasing to be a tenant before the expiration of the term. She attempted to show this by saying that she had sold the lease and that the landlord assented to the sale. The best evidence of the sale was the bill of sale, and that showed that she had sold, not only the lease, but her interest in the deposit. The plaintiff's case rests upon her sale of the lease, and the written terms of the sale show that she has parted with her interest in the deposit.

Judgment reversed, and new trial granted, with costs to the appellant to abide the event. All concur.